UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GENE E. VOSS, GARY W. VOSS, CATHERINE A. MOLENAUR, and CHRIS A. MOLENAUR, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) | No. 05 C 1510 |
| v. | ) ) ) | Judge George M. Marovich |
| WASTE MANAGEMENT OF ILLINOIS, INC., MORTON INTERNATIONAL, INC. HONEYWELL, INC., EXXON MOBIL CORPORATION, H.B. FULLER COMPANY, BFI WASTE SYSTEMS OF NORTH AMERICA, INC individually and d/b/a BROWNING FERRIS INDUSTRIES, MAIL-WELL ENVELOPE COMPANY, WEBER FOREIGN MANUFACTURING, INC. f/k/a INK SPECIALTIES COMPANY, INC., and WELLS MANUFACTURING COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Gene and Gary Voss (the "Vosses") and Catherine and Chris Molenaur (the "Molenaurs") filed a five-count second amended complaint against defendants Waste Management of Illinois, Inc. ("Waste Management"), Morton International, Inc. ("Morton"), Honeywell, Inc. ("Honeywell"), Exxon Mobil Corporation ("Exxon"), H.B. Fuller Company ("H.B. Fuller"), BFI Waste Systems of North America (individually and doing business as Browning Ferris Industries), Mail-Well Envelope Company, Weber Foreign Manufacturing, Inc. (formerly known as Ink Specialties Company, Inc.) ("Weber") and Wells Manufacturing

Company. The Court previously dismissed plaintiffs' first amended complaint but granted plaintiffs leave to amend. In Count I of the second amended complaint, plaintiffs assert a claim under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). In Counts II through V, plaintiffs assert state law claims, including claims for negligence, negligence *per se*, private nuisance and trespass.

Before the Court are three motions to dismiss plaintiffs' second amended complaint and one motion to adopt. Defendant BFI Waste Systems of North America filed the first motion to dismiss. Defendant H.B. Fuller filed the second motion to dismiss. Defendants Waste Management, Morton, Honeywell, Exxon, H.B. Fuller, Mail-Well Envelope Company and Weber Foreign Manufacturing, Inc. (the "moving defendants") filed the third motion to dismiss. In addition, defendant Wells Manufacturing Company has moved the Court to adopt the third motion to dismiss. The Court grants Wells Manufacturing Company's motion (#171) to adopt. For the reasons set forth below, the Court grants in part and denies in part defendant BFI Waste System's motion (#161) to dismiss. The Court denies defendant H.B. Fuller's motion (#165) to dismiss. The Court denies the moving defendants' motion (#166) to dismiss.

I.  **Background**

The Court has previously outlined the facts relevant to defendants' motions and will reiterate only a few here. The gist of plaintiffs' second amended complaint is that defendants operated the Wauconda Sand & Gravel Pit (the "Landfill"), which is located in Wauconda, Illinois. Originally a sand and gravel pit, the landfill was later filled with industrial waste without a clay or other liner. The plaintiffs allege that vinyl chloride was dumped in the landfill

and remains there, contaminating both the aquifers and the water table in Wauconda, Illinois, where plaintiffs reside.

## II. **Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Seventh Circuit recently admonished:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . . Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

## III. Discussion

### A. Plaintiffs' CERCLA claim

CERCLA (sometimes called the Superfund law) "requires that sites contaminated by toxic wastes be cleaned up by or at the expense of the persons responsible for the contamination." *Employers Ins. of Wausau v. Browner*, 52 F.3d 656, 660 (7th Cir. 1995). CERCLA "grants the President broad power to command government agencies and private parties to clean up hazardous waste sites." *United States v. Bestfoods*, 524 U.S. 51, 55 (1998) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994)). CERCLA also encourages private citizens to "assume the financial responsibility of cleanup by allowing them to seek recovery" from responsible parties. *T&B Limited, Inc. v. City of Chi.*, 369 F. Supp.2d 989, 994 (N.D. Ill. 2005) (citing *Young v. United States*, 394 F.3d 858, 862 (10th Cir. 2005)).

In Count I, plaintiffs seek to recover response costs under CERCLA § 107(a), 42 U.S.C. § 9607(a). That section makes liable certain parties for "necessary costs of response incurred by any other person consistent with the national contingency plan[.]" *See* 42 U.S.C. § 9607(a)(4)(B). In this way, private individuals are incentivized to incur response costs because they have a private right of action to recover those response costs against responsible parties.

Defendants argue that plaintiffs' CERCLA claim should be dismissed for lack of standing and for failure to state a claim. While the parties seem to conflate the two issues, they are distinct, and the Court will address them separately.

#### 1. Standing

The Court previously dismissed plaintiff's CERCLA claim because plaintiffs failed to allege facts supporting standing. Pursuant to Article III of the Constitution, the Court has

-4-

jurisdiction only over cases or controversies and, thus, "parties seeking to invoke the jurisdiction of federal courts must show that they have standing to sue within the meaning of Article III." *Krislov v. Rednour*, 226 F.3d 851, 857 (7th Cir. 2000). The minimum standing requirements are: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As the Supreme Court explained in *Warth v. Seldin*:

> The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . .'

*Warth v. Seldin*, 422 U.S. 490, 499 (1975).

The "party invoking federal jurisdiction bears the burden of establishing" jurisdiction. *Lujan*, 504 U.S. at 561. On a motion to dismiss, the Court considers whether the plaintiff has adequately *alleged* facts supporting standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In the earlier complaint, plaintiffs failed to allege that they had themselves incurred CERCLA response costs. In the second amended complaint, however, plaintiffs have cured that defect by alleging that "[p]laintiffs and members of the Class have incurred and will incur 'response costs' within the meaning of Section 101(23)-(25) of CERCLA, 42 U.S.C. §§ 9601 (23)-(25)." Accordingly, plaintiffs have alleged facts establishing that they have standing and, hence, that the Court has jurisdiction over plaintiffs' CERCLA claim.

### 2. Stating a claim

Whether plaintiffs have properly stated a claim under CERCLA, however, is an entirely different issue.  Defendants argue that plaintiffs have failed to state a claim under CERCLA because they have failed to assert particular response costs and have failed to allege that they did not pollute the site.  The elements of a claim for response costs under CERCLA are: (1) the defendants are covered persons under 42 U.S.C. § 9607(a); (2) the release or threatened release of a hazardous substance from a "facility"; (3) the plaintiff has incurred response costs; and (4) the plaintiff did not pollute the site.  *T&B Limited*, 369 F. Supp.2d at 994; *Pape v. Great Lakes Chemical Co.*, Case No. 93 C 1585, 1993 WL 424249 at *2 (N.D. Ill. Oct. 19, 1993).

Under the notice pleading requirements of the federal rules of civil procedure, "[p]laintiffs need not plead facts; they need not plead law; they plead claims for relief.  Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  Here, the plaintiffs' second amended complaint gives sufficient notice that their claim against defendant is for response costs under CERCLA.  Plaintiffs' CERCLA allegations suffice because they may be able to prove a set of facts consistent with their complaint that entitles them to prevail. *Doe*, 429 F.3d at 708.  Plaintiffs have alleged that they incurred response costs; they need not allege specific facts stating what response costs they incurred.  Any other details defendants would like about plaintiffs' CERCLA claim are obtainable during discovery.

### B. Supplemental jurisdiction

Next, defendant BFI Waste Systems of North America argues that the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims for negligence, negligence *per se*, nuisance and trespass. Plaintiffs did not bother responding to this argument.

Section 1367(a) of Chapter 28 of the United States Code grants district courts supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966); *Royal Towing, Inc. v. City of Harvey*, 350 F. Supp.2d 750, 755-756 (N.D. Ill. 2004). A district court:

> may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A number of courts have declined to exercise supplemental jurisdiction over state law claims for nuisance, trespass and negligence that were brought with a CERCLA claim for response costs. *Mathews v. Dow Chemical Co.*, 947 F. Supp. 1517, 1522 (D. Col. 1996) (declining to exercise supplemental jurisdiction because the response costs available under CERCLA were substantially different from the damages available under the state claims and

because the elements of proof were substantially different); *Town of Jaffrey v. Town of Fitzwilliam*, 846 F. Supp. 3, 5 (D. N.H. 1994) (concluding that the state claims substantially predominated over the CERCLA claim because they broadened the scope of liability and were subject to a broad range of defenses that did not apply to the CERCLA claim); *Commerce Holding Co., Inc. v. Buckstone*, 749 F. Supp. 441, 446-447 (E.D. N.Y. 1990) (declining to exercise supplemental jurisdiction over state law nuisance, negligence and trespass claims because "CERCLA limits [plaintiff's] recovery to its response costs and provides for strict liability, whereas various of the state claims allow for the recovery of consequential and punitive damages and are not based on strict liability, such as the negligence claim. In addition, a jury trial is not available for the CERCLA claim, but it is for the state claims.").

The same concerns the courts had in *Buckstone*, *Jaffrey* and *Mathews* concern this Court with respect to this case. First, it is likely that the damages issues related to the state law claims would substantially predominate over the damage calculations for the CERCLA claim. With respect to the state claims, plaintiffs allege that the value of their property has decreased, and they demand both compensatory and punitive damages for those losses. Those complex calculations will likely predominate over the relatively simple calculations of damages under CERCLA, which allows only for the reimbursement of response cost incurred by plaintiffs. Thus far, the only response costs the plaintiffs have ever mentioned incurring is the cost of purchasing bottled water. The state law claims are also likely to predominate substantially over the CERCLA claim at the liability stage, both because CERCLA is a strict liability statute and because the CERCLA claim is not subject to the equitable defenses to which the state law claims are subject. Because the state law claims would substantially predominate over the CERCLA

claim, the Court declines to exercise supplemental jurisdiction over those claims. Accordingly, Counts II, III, IV and V of plaintiff's second amended complaint are dismissed without prejudice.

**IV.    Conclusion**

For the reasons set forth above, the Court grants Wells Manufacturing Company's motion (#171) to adopt. For the reasons set forth below, the Court grants in part and denies in part defendant BFI Waste System's motion (#161) to dismiss. The Court denies defendant H.B. Fuller's motion (#165) to dismiss. The Court denies the moving defendants' motion (#166) to dismiss. The Court dismisses without prejudice Counts II, III, IV and V of plaintiff's second amended complaint.

ENTER:

George M. Marovich
United States District Judge

DATED:05/04/06